**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4818**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GUILLERMO PANTALEON MARTINEZ, a/k/a Memo, a/k/a Guillermo Pantaleon-Martinez, a/k/a Guillermo Martinez Pantaleon,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:18-cr-00215-MOC-DCK-1)

Submitted: August 31, 2021                    Decided: September 17, 2021

Before MOTZ and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jeffrey W. Gillette, GILLETTE LAW FIRM, PLLC, Franklin, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Guillermo Pantaleon Martinez appeals his convictions and 235-month sentence imposed after a jury found him guilty of conspiracy to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), 18 U.S.C. § 2. Martinez's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred in excluding body camera video footage depicting a search of Martinez's residence and in imposing a two-level sentencing enhancement for his aggravating role in the offense. Although advised of his right to do so, Martinez did not file a supplemental pro se brief. The Government declined to file a response brief. Finding no error, we affirm.

Counsel first questions whether the district court erred when it excluded the body camera footage depicting a search of Martinez's house by the Drug Enforcement Administration on matters outside the charges for which Martinez was on trial. "We review a district court's evidentiary rulings for abuse of discretion." *United States v. Webb*, 965 F.3d 262, 266 (4th Cir. 2020). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

2

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. However, a district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403; *see United States v. Tillmon*, 954 F.3d 628, 643 (4th Cir. 2019) ("Rule 403 states that a district court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice or needlessly presenting cumulative evidence." (alterations and internal quotation marks omitted)). Thus, under Rule 403, relevant evidence is inadmissible "when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and . . . this risk is disproportionate to the probative value of the offered evidence." *PBM Prods., LLC v. Mead Johnson & Co.*, 639 F.3d 111, 124 (4th Cir. 2011) (internal quotation marks omitted).

Our review leads us to conclude that the district court did not abuse its discretion in excluding the body camera footage depicting a search of Martinez' residence. Although Martinez sought to introduce the video to show the police officers' bias against him, the search was conducted by another agency and not by the officers in charge of the investigation of Martinez's drug dealings and who testified at Martinez's trial. Moreover, the search was unrelated to the charges Martinez faced at trial. The evidence was therefore irrelevant and inadmissible. Even if the evidence was relevant, we conclude that the video evidence was cumulative and that its probative value was substantially outweighed by a danger of unfair prejudice. Therefore, the court did not abuse its discretion in excluding the video footage.

Next, counsel challenges the application of a two-level enhancement for Martinez's aggravating role in the offense pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(c) (2018). "In reviewing whether a sentencing court properly calculated the [Sentencing] Guidelines range, we review the court's factual findings for clear error and its legal conclusions de novo." *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). "We will conclude that the ruling of the district court is clearly erroneous only when, after reviewing all the evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Steffen*, 741 F.3d 411, 415 (4th Cir. 2013) (internal quotation marks omitted). The Government bears the burden of demonstrating that a sentencing enhancement should be applied, and the court must find that the enhancement applies by a preponderance of the evidence. *Id.* at 414.

Under USSG § 3B1.1(c), a two-level offense level enhancement is proper "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than" one "that involved five or more participants or was otherwise extensive." USSG § 3B1.1. In determining whether to apply an enhancement for a defendant's leadership role, a court should consider: the defendant's exercise of decision making authority, the nature of his participation in the offense, the defendant's recruitment of others, any claimed right to a larger share of the profits, the degree of participation in planning of the offense, the nature and scope of the offense, and the degree of control and authority exercised over others. *United States v. Agyekum*, 846 F.3d 744, 752 (4th Cir. 2017) (citing USSG § 3B1.1 cmt. n.4). We have held that the leadership role enhancement applies only if the defendant

managed or supervised at least one other participant in the criminal enterprise, rather than managing property. *Steffen*, 741 F.3d at 415.

Our review of the record shows that the district court did not clearly err in applying the leadership role enhancement. Martinez exercised decision making authority over drug sales, including their locations and prices, and recruited and supervised codefendants who distributed drugs for him and collected drug proceeds on his behalf. Therefore, the enhancement was proper. *See United States v. Sayles*, 296 F.3d 219, 225-26 (4th Cir. 2002) (striking aggravating role enhancement because the Government failed to present evidence that defendant did anything other than buy and sell drugs in league with others—no evidence of renting a place to distribute drugs, instructing or directing others, recruiting, or taking larger share of proceeds).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Martinez, in writing, of the right to petition the Supreme Court of the United States for further review. If Martinez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Martinez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*